[No. 4917. Decided March 27, 1905.]

# WASHINGTON LOAN & TRUST COMPANY, *Appellant,* v. CATHERINE J. RITZ *et al., Respondents.*[1]

ESTOPPEL—IN FAVOR OF PURCHASER OF MORTGAGED PREMISES— BILLS AND NOTES—MORTGAGES—HOLDER OF UNPAID COUPONS— NOTICE OF NEGOTIATIONS. Where a purchaser of mortgaged prop- erty, who had assumed payment of the mortgage as part of the purchase price, paid the amount claimed by the holder, and re- ceived a satisfaction in full discharge of the mortgage, the holder of unpaid negotiable coupon notes secured by the mortgage, to whom they had been assigned by the holder of the mortgage be- fore maturity, is not estopped to assert a claim against the prop- erty and to foreclose the mortgage to satisfy the same, by reason of the fact that four days before he purchased the property or assumed the mortgage, the purchaser wrote to the assignee of the coupons that he was about to arrange a release of the mort- gage and if it had any interest to advise him, and that he re- ceived no reply; nor by the fact that the assignee had for a long time been the agent of the holder of the mortgage for the pur- pose of collecting interest, had notice of the pending negotia- tions, and gave no notice that it held the coupons or that they were unpaid.

BILLS AND NOTES—MORTGAGES—ASSIGNMENT OF COUPONS—PAY- MENT—ESTOPPEL. Where a loan and trust company, having sold a mortgage and coupon notes to an eastern customer, was in the habit of advancing payment of the coupons six days before ma- turity, and the holder returned the coupons endorsed with the stamp of negotiability, the transaction does not amount to a voluntary payment of the coupons, and the trust company is not estopped to collect the same from the makers or from one who had assumed the mortgage.

Appeal from a judgment of the superior court for Adams county, Neal, J., entered July 21, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mort- gage. Reversed.

[1]Reported in 80 Pac. 174.

*J. N. Pickrell,* for appellant, contended, among other things, that the assumption of the mortgage obligated the purchaser to pay the whole of the mortgage debt. *Ricard v. Sanderson,* 41 N. Y. 179; *Hardin v. Hyde,* 40 Barb. (N. Y.) 435; *Foster v. Wightman,* 123 Mass. 100; *Windle v. Hughes,* 40 Ore. 1, 65 Pac. 1058; *Sands v. Church,* 6 N. Y. 347; *Hartley v. Harrison,* 24 N. Y. 170; *Green v. Houston,* 22 Kan. 35; Devlin, Deeds, § 1063; Jones, Mortgages (4th ed.), § 744; 15 Am. & Eng. Ency. Law (1st ed.), pp. 836, 837; *Merriam v. Miles,* 54 Neb. 566, 74 N. W. 861; 69 Am. St. 731; *Ordway v. Downey,* 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892; *Solicitors' Loan etc. Co v. Robins,* 14 Wash. 507, 45 Pac. 39. The partial payment, without surrender of the coupons, does not relieve the purchaser from his agreement to pay the coupons. *Brayley v. Ellis,* 71 Iowa 155, 32 N. W. 254; *Vandercook v. Baker,* 48 Iowa 199; *Black v. Reno,* 59 Fed. 917; *Murphy v. Barnard,* 162 Mass. 72, 38 N. E. 29. The payment was at his peril. *Mayo v. Moore,* 28 Ill. 428; *Mulcahy v. Fenwik,* 161 Mass. 164, 36 N. E. 689; *Biggerstaff v. Marston,* 161 Mass. 101, 36 N. E. 785; *Williams v. Keyes,* 90 Mich. 290, 51 N. W. 520. The plaintiff's taking up of the coupons was not a voluntary payment of the same. 22 Am. & Eng. Ency. Law (2d ed.), 536; *King v. Barnes,* 109 N. Y. 267, 16 N. E. 332; *Ketchum v. Duncan,* 96 U. S. 659; *Yakima Nat. Bank v. Knipe,* 6 Wash. 348, 33 Pac. 834; *Morris Canal Co. v. Fisher,* 9 N. J. Eq. 667, 64 Am. Dec. 423; *Casco Nat. Bank v. Shaw,* 79 Me. 376, 10 Atl. 67, 1 Am. St. 319. The coupons were negotiable. *Everston v. National Bank,* 66 N. Y. 14, 23 Am. Rep. 9; *Perkins v. Jennings,* 27 Wash. 145, 67 Pac. 590; *Johnson v. Stark Co.,* 24 Ill. 75; *Murray v. Lardner,* 2 Wall. 110; *Richie v. Cralle,* 108 Ky. 483, 56 S. W. 963. The transfer was an assignment

*pro tanto* of the mortgage. *New England Loan etc. Co. v. Robinson,* 56 Neb. 50, 76 N. W. 415; *Mutual Benefit L. Ins. Co. v. Huntington,* 57 Kan. 744, 48 Pac. 19; *Brewer v. Atkeison,* 121 Ala. 410, 77 Am. St. 64; *State Bank v. Mathews,* 45 Neb. 659, 63 N. W. 930, 50 Am. St. 565; *Cram v. Cotrell,* 48 Neb. 646, 58 Am. St. 714; *Miller v. Rutland etc. R. Co.,* 40 Vt. 399, 94 Am. Dec. 413; *In re Sewall v. Brainerd,* 38 Vt. 364; *Fischer v. Woodruff,* 25 Wash. 67, 64 Pac. 923, 87 Am. St. 742; *Jennings v. Moore,* 83 Mich. 231, 21 Am. St. 601; Howell's Statutes, subd. 4, § 8498; *Haven v. Grand Junction etc. R. Co.,* 109 Mass. 96; *Keohane v. Smith,* 97 Ill. 156. After the assignment, the mortgagee could not discharge the debt. Jones, Mortgages (4th ed.), §§ 814, 818; *Eggert v. Beyer,* 43 Neb. 711, 62 N. W. 57; *Windle v. Bonebrake,* 23 Fed. 165.

*Holcomb & Zent* and *O. R. Holcomb,* for respondents. The coupons were voluntarily paid. *McAuliffe v. Reuter,* 166 Ill. 491, 46 N. E. 1087; *Johnson v. Carpenter,* 7 Minn. 176; *Olson v. Northwestern etc. Loan Co.,* 65 Minn. 475, 68 N. W. 100. There is no subrogation in favor of a mere volunteer. *Bates v. Swiger,* 40 W. Va. 420, 21 S. E. 874; *National Bank v. Cushing,* 53 Vt. 326; *Kleimann v. Geisselmann* (Mo.), 21 S. W. 796; *Norris v. Woods,* 89 Va. 873, 17 S. E. 552; *Barnes v. Mott,* 64 N. Y. 397, 21 Am. Rep. 625; *Martin v. Martin,* 164 Ill. 640, 45 N. E. 1007, 56 Am. St. 219; *Heiney v. Lontz,* 147 Ind. 417, 46 N. E. 665; *Seieroe v. Homan,* 50 Neb. 601, 70 N. W. 244; *Commonwealth v. Chesapeake etc. Canal Co.,* 32 Md. 501; *Swan v. Patterson,* 7 Md. 164; *Muir v. Berkshire,* 52 Ind. 149; *Coe v. New Jersey etc. R. Co.,* 31 N. J. Eq. 105; *Levy v. Martin,* 48 Wis. 198; *Bayard v. McGraw,* 1 Ill. App. 134; *Neely v. Jones,* 16 W. Va. 625, 37 Am. Rep.

794. The plaintiff was by its conduct estopped from asserting any claim on the coupons against the purchaser of the property. *Pierce v. Andrews,* 6 Cush. 4, 52 Am. Dec. 748; *Cowles v. Bacon,* 21 Conn. 451, 56 Am. Dec. 371; *Caldwell v. Auger,* 4 Minn. 217, 77 Am. Dec. 515; *Drew v. Kimball,* 43 N. H. 282, 80 Am. Dec. 163; *New York Car Spring Co. v. Union Rubber Co.,* 4 Blatch. (Ind.) 11; *Groton v. Hurlburt,* 22 Conn. 178; *Phillips v. Clark,* 4 Met. 348, 83 Am. Dec. 471; *Titus v. Morse,* 40 Me. 348, 63 Am. Dec. 665; *Bryan v. Ramirez,* 8 Cal. 461, 68 Am. Dec. 340; *Workman v. Guthrie,* 29 Pa. St. 495, 72 Am. Dec. 654; *Rice v. Bunce,* 49 Mo. 231, 8 Am. Rep. 129; *Markham v. O'Connor,* 52 Ga. 183, 21 Am. Rep. 249; *Guffey v. O'Reiley,* 88 Mo. 418, 57 Am. Rep. 424; *Roeder v. Fouts,* 5 Wash. 135, 31 Pac. 432, 11 Am. & Eng. Ency. Law (2d ed.), pp. 427-434; *Stevens v. Ludlum,* 46 Minn. 160, 48 N. W. 771, 24 Am. St. 210, 13 L. R. A. 270; *Brookhaven v. Smith,* 118 N. Y. 634; *Kelly v. Fairmount Land Co.,* 97 Va. 227, 33 S. E. 598.

PER CURIAM.—On the 1st day of October, 1888, Philip Ritz and Catherine J. Ritz, his wife, executed and delivered to Thomas S. Krutz their certain promissory note, for the sum of $1,400, due four years after date. On the same day, for the purpose of securing the payment of said promissory note, according to its terms, the makers thereof mortgaged to the said Krutz certain real property, in Adams county, in this state. At the time of negotiating said loan, the said Krutz was the general business manager of the plaintiff corporation, and the loan in question was negotiated by him in that capacity. Thereafter this note and mortgage were transferred, without recourse, to the Portsmouth Fire Association of New Hampshire. George A. Fernald & Co., bankers and brokers of Boston, negotiated the sale of the note and mortgage to the Ports-

mouth Fire Association, and all interest on the loan was thereafter paid through said Fernald & Co., as agents of the assignee of the mortgage.

Prior to the maturity of the note, Philip Ritz, one of the makers, died testate, in said Adams county, and the note was not paid when due. On the 15th day of September, 1892, the assignor of the mortgage and Catherine J. Ritz, Hattie M. Ritz, and Ella Coss, the successors in interest of the original mortgagors in the mortgaged premises, entered into an agreement extending the time for the payment of this loan for a period of five years from the 1st day of October, 1892. This extension agreement was first executed between said second parties and the said Krutz, but thereafter the assignee of the mortgage approved such extension and the said Krutz on the 8th day of October, 1892, assigned the extension agreement to the assignee of the mortgage.

At the time of executing said extension agreement, the said Catherine J. Ritz, Hattie M. Ritz, and Ella Coss also executed and delivered to the said Krutz ten certain interest coupons, in the sum of $49 each, payable to the said Krutz or bearer, in payment of the semi-annual interest to accrue on said loan on the 1st day of April, and on the 1st day of October, of each year during such extension period. These interest coupons were delivered to the assignee of the mortgage at the time of the assignment of the extension agreement. The first six of these interest coupons to mature were taken up or paid in the following manner; six days prior to the maturity of each coupon, the plaintiff in this action would remit the full amount of the coupon to said Fernald & Co., agents of the assignee of the mortgage, and the said Fernald & Co. would return the coupon to the plaintiff with the following endorsement thereon: "Pay to the order of the Washington Loan &

Trust Co. (Signed) Geo. A. Fernald & Co." There seems to have been no agreement, between the assignee of the mortgage and coupons and the plaintiff, or between the plaintiff and the makers of the coupons, that the coupons should be taken up or paid in this manner.

The first two coupons to mature were paid to the plaintiff by the makers thereof, after they had been returned by Fernald & Co. in the manner above stated. The four coupons next to mature have never been paid, except that the money was advanced by the plaintiff and the coupons returned to it, endorsed as above set forth. On the 9th day of March, 1898, the defendant Hauschild purchased a portion of the mortgaged premises from the mortgagors or their successors in interest, and, as a part of the consideration, assumed and promised to pay this mortgage debt. On or prior to the 8th day of April, 1898, the defendant Hauschild paid to the Portsmouth Fire Association, assignee of the mortgage, the full amount of the mortgage debt, with all interest, exclusive of the two coupons paid by the mortgagors, and the four coupons taken up by the plaintiff in this action in the manner hereinbefore stated, and the said Portsmouth Fire Association, as assignee of the mortgage, executed and delivered to said Hauschild a full release and satisfaction of said mortgage. The assignment of the mortgage from Thomas S. Krutz to the Portsmouth Fire Association was dated March 28, 1898, and the assignment and release were recorded in said Adams county on the 18th day of April, 1898. This action was commenced on the 9th day of May, 1898, to recover the amount of the four coupons above mentioned, and to foreclose the mortgage given to secure the same. The defendants had judgment below.

The court found, among other things, that the last of the four coupons in question to mature was paid to the

Portsmouth Fire Association by the respondent Haus-child; that the appellant was estopped by its conduct to assert any right to recover on these coupons, as against the respondents Hauschild and wife, and

"That the plaintiff [appellant], about six days prior to the dates of maturity thereof, in each case, voluntarily, and without having previously purchased them, paid to the Portsmouth Fire Association, the following coupons, to wit: $49.00 due April 1, 1894; $49.00 due October 1, 1894; and $49.00 due April 1, 1895; to Portsmouth Fire Association, the legal owner and holder thereof and the said coupons, together with one due October 1, 1895, for $49.00, are the coupons sued on in this action."

The finding that the coupon due October 1, 1895, was paid to the Portsmouth Fire Association by the respondent Hauschild, finds no support in the record.

In support of the plea of estoppel, it is claimed that the respondent Hauschild, on the 5th day of March, 1898, or four days before he bought the mortgaged property and assumed the mortgage debt, wrote the managing agent of appellant, at Seattle, that he was about to arrange for a release of the Ritz mortgage, and that, if he had any claim or interest in the matter, to kindly advise him at once, and that he received no reply.  It is further claimed that the appellant had notice of the negotiations pending between the respondent Hauschild and the Portsmouth Fire Association with a view of obtaining a release of this mortgage, and remained silent, and, further, that the appellant was, for a long time, the agent of the Portsmouth Fire Association in the collection of interest on this loan and never made known to it the fact that it held these coupons, or that they had not been paid.  These facts, if true, are wholly insufficient to support the plea of estoppel, and the judgment below must be sustained, if at all, upon the find-

ing or conclusion that the transaction hereinbefore mentioned constituted a voluntary payment of these coupons on the part of the appellant, and that the appellant is not an assignee or transferee thereof.

We do not think that the transaction in question can be construed as a voluntary payment of these coupons. To have that effect, it must appear that such was the intention of the parties at the time the money was advanced and accepted. *Ketchum v. Duncan,* 96 U. S. 659. The coupons in this case were not cancelled, but, on the contrary, were delivered to the party making the payment with the stamp of negotiability endorsed on the back. It is clear, from the uncontradicted testimony, that the appellant did not intend that the transaction should operate as a payment or satisfaction of the coupons, and the only evidence before us as to the intent of the mortgagee or holder of the coupons is the endorsement on the back thereof, directing payment to be made to the appellant in this case. We think, therefore, that the finding of the trial court that the appellant voluntarily paid these coupons, and is estopped to assert any rights under them, as against the respondent, is not warranted by the evidence. There is no pretense that these four coupons were ever paid, either by the makers or by the respondent Hauschild, who assumed them.

The judgment is reversed, with directions to enter a decree cancelling the satisfaction of the mortgage in question, and foreclosing the same for the amount due on the four coupons in suit, together with an attorney fee of $100.